**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                      Case No. 2:11-cr-20425

TERRELL MASON,

    Defendant.

_____/

**ORDER STRIKING PRO SE LETTER**

On September 27, 2011, the court received a letter from Defendant Terrell Mason asking to be released on bail pending his sentencing. The court will strike the *pro se* filing because, at the time of the filing, Defendant was represented by counsel. Thus, all filings must be made by the attorney of record.

Defendant is not entitled to represent himself while simultaneously represented by counsel. A criminal defendant has the right to appear *pro se* or by counsel, a right protected by both the Sixth Amendment to the United States Constitution and federal statute. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *see also Faretta v. California*, 422 U.S. 806, 807, 832 (1975); *United States v. Daniels,* 572 F.2d 535, 540 (5th Cir. 1978); *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2d Cir. 1977); *United States v. Williams,* 534 F.2d 119, 123 (8th Cir. 1976). This right, however, is disjunctive, thus a party may choose *either* to represent himself or to appear through an attorney. There is no right to "hybrid" representation that would result in simultaneous or alternating self-

representation and representation by counsel.  A person represented by counsel must rely upon that counsel.  *See, e.g.*, *United States v. Olson,* 576 F.2d 1267, 1269-70 (8th Cir. 1978); *Daniels*, 572 F.2d at 540; *Ennis*, 560 F.2d at 1075; *Williams,* 534 F.2d at 123; *United States v. Hill*, 526 F.2d 1019, 1024-25 (10th Cir. 1975); *Move Org. v. City of Phila.,* 89 F.R.D. 521, 523 n.1 (E.D. Pa. 1981); *United States ex rel. Snyder v. Mack,* 372 F. Supp. 1077, 1078-79 (E.D. Pa. 1974); *cf. Storseth v. Spellman*, 654 F.2d 1349, 1352-53 (9th Cir. 1981) (holding that once counsel is appointed, prisoner has no right to assistance from inmate writ-writer).  In light of this case law, the court will only accept filings from Defendant's attorney of record.  Accordingly,

IT IS ORDERED that Defendant's September 27, 2011 letter [Dkt. # 31] is hereby STRICKEN from the docket of this court.

S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  October 14, 2011

I I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 14, 2011, by electronic and/or ordinary mail.

S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\11-20425.MASON.StrikeLetter.wpd

2