UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No. 11-20425

TERRELL DWAYNE MASON,

    Defendant.
                                             /

**ORDER DENYING MOTION TO VACATE DETENTION ORDER
BECAUSE OF CHANGE IN CIRCUMSTANCES**

Pending before the court is Defendant's motion to vacate his detention order, filed under seal on October 18, 2011. The Government filed a response, also under seal, on November 15, 2011, and the court determines a hearing is not necessary. *See* E.D. Mich. LCrR 12.1(a); E.D. Mich. LR 7.1(f)(2). Because Defendant has not made an adequate showing to overcome the presumption that a person who has been found guilty of an offense should be detained pending the imposition of his sentence, the court will deny the motion.

This is Defendant's second motion requesting that the court revoke his detention order. Defendant filed his first motion on July 19, 2011, less than one month after he was arrested and ordered detained and within days of being indicted for conspiring to purchase and then resell large quantities of merchandise using counterfeit credit cards. After holding a hearing on this motion, the court declined to vacate Defendant's detention order, determining "that there was 'no condition or combination of conditions will reasonably assure the appearance of [Defendant] as required and the safety of any

other person and the community.'" (Order Den. Def.'s Mot. Revocation Detention, Aug. 3, 2011, Dkt. # 12 (quoting 18 U.S.C. § 3142(e)(1)).)

In his instant motion, Defendant claims that, since the court's denial of his first motion, there "has been a significant change of circumstances calling into question the appropriateness of continuing detention." (Def.'s Mot. Vacate Detention ¶ 6, Oct. 5, 2011.) Specifically, he points to the fact that, in a sealed proceeding held on August 30, 2011, he pleaded guilty to conspiracy to commit wire fraud and mail fraud in violation of 18 U.S.C. § 1349. He also claims that he is now "cooperating with the government" by participating in three "debrief[ings]" and turning over "a large some [sic] of money that was obtained in the conspiracy." (*Id.* ¶ 5.)

Defendant is correct that his guilty plea has changed the circumstances concerning whether he should be released; however, they have not changed in his favor. Instead of "a person charged with an offense" that may be released on conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community," 18 U.S.C. § 3142(a), (e)(1), Defendant has now "been found guilty of an offense" and must be detained while awaiting imposition of his sentence unless the court "finds by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released," 18 U.S.C. § 3143(a)(1). Defendant's general assertion that his new willingness to cooperate with the government shows "no evidence of intention to violate the law in the future," (Def.'s Mot. Vacate Detention ¶ 6), falls far short of providing the requisite clear and convincing evidence that he will not flee or pose a danger to the community. Accordingly,

2

IT IS ORDERED that Defendant's "Motion to Vacate Detention Order Because of Change in Circumstances," filed under seal on October 18, 2011, is DENIED.

       s/Robert H. Cleland  
       ROBERT H. CLELAND  
       UNITED STATES DISTRICT JUDGE

Dated: November 21, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 21, 2011, by electronic and/or ordinary mail.

       s/Lisa Wagner  
       Case Manager and Deputy Clerk  
       (313) 234-5522